**DEVLIN et, Plaintiff-Appellant, v. WEBSTER et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2136.   Decided January 10, 1952.

238

Nichols, Wood, Marx & Ginter, Cincinnati, Canny & Holzfaster, Dayton, for plaintiff-appellant.

Estabrook, Finn & McKee, Arthur Meyring, Guy Miller, Dayton, Alley, Cole, Grimes & Griedman, New York, New York, for defendants-appellees.

## OPINION

By THE COURT:

Submitted on an appeal on questions of law from a judgment of the Common Pleas Court. The judgment was entered after plaintiff had elected to plead no further, demurrer to the first cause of action and certain motions to strike from the third cause of action treated as a demurrer having been sustained. A motion to strike certain parts of the second cause of action was also sustained. The action of the trial judge as to these orders is challenged by the appeal.

The demurrer to the first cause of action was predicated upon a statute of limitations. Appellees maintain and the Court adopted the contention that the cause of action was governed by §11224 GC, the four year statute of limitations and that the cause of action accrued more than four years prior to the filing of the petition.

We have been favored with the separate opinions of the trial judge upon the demurrer to the first cause of action and upon the motions to the second and third causes of action. We are in accord with the conclusion reached by the trial judge on the demurrer to the first cause of action and the reasons assigned therefor and without further comment, hold against the appellant on the first assignment of error.

The second assignment is that the Court erred in striking

most of the material allegations from plaintiffs second cause of action. The motion was to strike from the second cause of action of the petition all allegations following the figure $1,250,000.00 in the seventh line thereof on the ground that said allegations plead conclusions of law and fact rather than ultimate facts. The Court sustained the motion in its entirety. With the matter stricken as ordered by the Court the second cause of action would read:

"For her second cause of action plaintiff adopts and incorporates all of the allegations contained in her first cause of action as if entirely rewritten herein and says that in or about February, 1946, defendant WEBSTER, and the other individual defendants who were then directors of STANDARD, caused STANDARD to acquire all of the outstanding capital stock of CLIFFORD FOR approximately $1,250,000.00."

It should be noted that the motion here under consideration and the motion to the third cause of action are to strike certain portions of the petition.

In the type of action here, a derivative suit by a shareholder, on behalf of her corporation, who pleads want of knowledge of certain specific facts material to the causes of action because of the dominant position of the defendants, the controlling directorate of the corporation, much liberality is accorded the pleader. 19 C. J. S. 218, 219; Mann v. Luke, 44 N. Y. S. (2d), 202, 2nd syl., and every fair intendment must be resolved in favor of such a pleading in a test of its sufficiency:

"A pleading is sufficient if, on analysis, it indicates a case of wrong doing particularly in case of complaint in stockholder's action in which a wider latitude is warranted because of plaintiff's apparent difficulty of acquiring detailed knowledge." 2nd Syl. Mann v. Luke, et al, supra.

Substantially, plaintiff pleads in her second cause of action that the defendants in acquiring all of the outstanding capital stock of Clifford for approximately $1,250,000.00 did so with the knowledge that the consideration paid for the stock was greatly in excess of its true value; that in consumating the transaction by which Standard acquired the stock the defendant directors of the Standard, dominated by defendant Webster, disregarded their duties for the purpose of enriching themselves at the expense of Standard and further, that defendant Webster and the other individual defendants, who were then directors of Standard, made secret profits in connection with said acquisition by means of commissions granted to them with respect to the sale of Clifford stock to Standard.

The mere fact that the pleader did not state the amount in dollars, that Standard paid for the Clifford stock does not

afford support for the conclusion that it should be stricken. The averment is definite that the amount paid was greatly in excess of the true value of the stock of Clifford and that in completing the transaction, viz: in paying a sum far in excess of the value of the Clifford stock the directors acted in violation of the good faith owed by them as quasi trustees of the stock holders and that the breach was willful and fraudulent. It is permissible to characterize acts set forth which of themselves permit a conclusion of bad faith as willful and fraudulent.

It is asserted that the plaintiff in pleading that:

"the consideration paid by Standard was greatly in excess of the true value of said stock and that the purchase price was grossly excessive and a waste of the assets of Standard." was an expression of one idea in three different ways. Assuming that is true, if the idea expressed is the averment of an ultimate fact it is sufficient to meet the demand of good pleading. It follows the specific averment of the acquisition of all of the outstanding stock of Clifford for approximately $1,250,000.00, in connection with the adopted allegations from the first cause of action stating defendant Webster's relation to Clifford and his domination of the directors of Standard.

It is urged that the averment that "the defendants arranged and consumated the acquisition of Clifford contrary to the duties owed by them to Standard as directors thereof for the purpose of enriching defendant Webster and other individuals," offends the rule against the pleading of ultimate facts and is not in furtherance of any cause of action pleaded by the plaintiff. We do not agree with either of these propositions. The quoted language must be read with that which precedes it. Manifestly, had the plaintiff undertaken to plead with particularity those acts which were done by the Directors in consumating the transaction whereby Clifford stock was obtained she would be properly met with the claim that she was pleading evidence. We are in accord with the rationale of the opinion in **Shaw v. Midland Bank, 70 Oh Ap 181,** and believe that it has application to the second and third causes of action of the plaintiff in this case.

We are cited to **Railroad v. Wilson, 31 Oh St 555,** to the effect that an allegation of duty without stating the fact from which the duty arises, is without legal significance. It is not necessary to plead the well recognized obligation of the directors in performing their official duties to act fairly toward the stock holders whose corporation they are administering, nor is it necessary to further elucidate how Webster profited by the purchase by Standard of the Clifford stock beyond the

averments of his relationship to Clifford and Standard in connection with a grossly excessive purchase price, and his full knowledge thereof.

In our judgment, no part of the second cause of action of the petition should have been stricken.

The motions directed to the third cause of action are numbered, second to the eleventh inclusive. The trial judge sustained all of them, treated them as a demurrer and sustained the demurrer. The claimed infirmities of the averments in the third cause of action are characterized as irrelevant, immaterial, pleading of conclusions and not averments of ultimate facts.

Coming specifically to the numbered branches of the motions directed to the third cause of action, we hold that the Court did not err in sustaining the second motion as to that part of the paragraph following "herein," third line, page seven, and ending with "themselves," eighth line, page eight; in sustaining the third, seventh, eighth, ninth and tenth motions and erred in sustaining the second excepting only the word "Consequently," line eight, page eight; the fifth and sixth motions. The eleventh motion is not definite and certain as to the particular part of the cause of action to which it is directed.

We recoginze that there may be some doubt if the phrase beginning in the third line of page nine is appropriate but do not hold that it should be stricken. It reads: "and made without the knowledge or consent of the shareholders of Standard."

Some of these averments may be subject to a motion to make definite and certain but to strike them from the petition and thereby prevent their restatement in any subsequent pleading is not justified. **Briggs v. The Gilbert Grocery Co., 116 Oh St 343.**

Notwithstanding the deletions resulting by the sustaining of the motions to the third cause of action it states a good cause of action against the general demurrer and in sustaining the demurrer the judgment must be reversed.

The judgment will be affirmed in part and reversed in part in accordance with this opinion and the cause will be remanded for consideration of the alternative part of the first motion directed to the second cause of action which seeks to require that certain averments thereof be made definite and certain and for further proceedings according to law.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.